IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ~~MARYLAND~~ Virginia (West)
(116 N. Main Street, Room 314, Harrisonburg, VA 22802)

| | |
|---|---|
| Presidential Candidate Number P60005535 ) <br> "also known as" (aka) Ronald Satish Emrit, ) <br> & Presidential Committee/Political Action ) <br> Committee/Separate Segregated Fund (SSF) ) <br> Number C00569897 d/b/a United ) <br> Emrits of America ) <br>     Plaintiffs (Pro Se) ) <br> ) <br> v. ) <br> ) <br> Governor Wes Moore (D- Maryland), ) <br>     Aisha Braveboy (Prince George's ) <br>     COunty Executive), COngressman Jamie ) <br>     Raskin (D- Maryland), Senator Angela ) <br>     Alsobrooks (D- Maryland), Senator Chris ) <br>     Van Hollen (D- Maryland), Maryland ) <br>     Attorney General Anthony Brown ) <br> ) <br> ) | CLERK'S OFFICE U.S. DISTRICT. COURT <br> AT HARRISONBURG, VA <br> FILED <br> JUL 07 2025 <br> LAURA A. AUSTIN, CLERK <br> BY: _____ <br> DEPUTY CLERK <br><br> C. A. No.: 5:25cv00064 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint for $250,000 against the defendants collectively referred to as **"The Maryland Defendants"** for negligence, intentional infliction of emotional distress (IIED), tortious interference with business relations/contracts, tortious interference with family relations, Civil Rights violations, and violations of constitutional law.

In bringing forth this complaint, the plaintiff states, avers, and alleges the following

## I.) NATURE OF THE CASE

1.) The plaintiff argues that the defendants are negligent for not providing him with a **Section 8 Housing Voucher (HCV)** even though he has litigated against the following defendants in Maryland which have been subsidized by the federal government through U.S. Department of Housing and Urban Development (HUD): **Prince George's County Housing Authority, Queen Anne's Housing Authority, Hagerstown Housing Authority, Calvert County Housing Authority** in 2022 all of which were appealed to Fourth Circuit Court of Appeals at Lewis Powell Courthouse at 1100 East Main Street, Richmond, Virginia 23219.

2.) The plaintiff argues that his litigation against those "Maryland Housing Authorities" as public housing authorities or PHA's subsidized by HUD creates a federal question pursuant to **28 U.S.C. Section 1331** by invoking aa discussion of the following provisions of black-letter law as Congressional statutes: **Housing Act of 1937, Fair Housing Act (FHA), Housing and Community Development Act of 1992, McKinney-Vento Homelessness Assistance Program**, Homelessness Prevention and Rapid Re-Housing provisions of American Recovery and Reinvestment Act (ARRA), Troubled Asset Relief Program (TARP) as it applies to quasi-governmental agencies such as Fannie Mae and Freddie Mac, and Americans with Disabilities Act of 1990 (ADA).

3.) Accordingly, both Fannie Mae and Freddie Mac package mortgage-backed "pass-through" securities for Wall STreet which were affected by financial crisis of 2008 involving stated income rather than documented income during subprime mortgage crisis in which many homeowners defaulted on their loans, mortgages, and/or home equity lines of credit with FDIC-insured banks, credit unions, and/or financial institutions.

4.) A Section 8 Housing Voucher (HCV) from public housing authorities on Maryland subsidized by HUD involve a **Housing Authority Payments Contract (HAP) and a Request for Tenant Approval (RFTA).**

5.) In addition, the plaintiff argues that "The Maryland Defendants" are negligent for not providing the plaintiff with enough or adequate EBT/SNAP benefits referred to as food stamps subsidized by U.S. Department of Agriculture through Prince George's County Social Services at 425 or 805 Brightseat Road in Landover, Maryland where the plaintiff previously had financial assistance through temporary disability assistance program (TDAP) about 20 years ago substantially similar to Temporary Assistance to Needy Families (TANF) argued by William Jefferson Clinton.

6.) Furthermore, the plaintiff argues that "The Maryland Defendants" are negligent for not helping the plaintiff get a position of employment as a disabled professor of entertainment law especially since he litigated against both University of Virginia and University of Miami in 2023 involving the Equal Employment Opportunity Commission (EEOC), Department of Justice Civil RIghts Division, and National Association for the Advancement of Colored People (NAACP) started by W.E.B. DuBois and for which Thurgood Marshall worked for NAACP Legal Defense Fund and argued the case of Brown v. BOard of EDucation before Chief Justice Earl Warren.

## II.) PARTIES TO THIS LITIGATION

7.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 5108 Cornelias Prospect Drive, Bowie, Maryland 20720. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

8.) The first defendant is GOvernor Wes Moore (D- Maryland)

9.) The second defendant is Aisha Braveboy, the county executive of Prince George's County

10.) The third defendant is Congressman Jamie Raskin(D- Maryland)

11.) The fourth defendant is SEnator Angela Alsobrooks (D- Maryland)

12.) The fifth defendant is Senator Chris Van Hollen (D- Maryland)

### III.) JURISDICTION AND VENUE

13.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"
14.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.
15.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Maryland (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.
16.) As an Article III court, the U.S. District Court for the District of Maryland also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.
17.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.
18.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.
19.) Because the amount in controversy does exceeds $75,000 (i.e. $250,000 is more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

### IV.) STATEMENT OF FACTS

20.) The plaintiff litigated against U.S. attorney Mike Thiel who represented HUD in MIddle Pennsylvania regarding the plaintiff's litigation against Lycoming Housing Authority.

21.) In addition, the plaintiff litigated against U.S. attorney Tim Simmons of Oregon who represented HUD in Oregon regarding the plaintiff's litigation against Marion County Housing Authority (MCHA).

22.) Likewise, the plaintiff has litigated against the following housing authorities in Florida creating sort of a Bermuda Triangle out of the cities of Miami, Sarasota, and Arcadia in DeSoto County: Sarasota Housing Authority, Miami-Dade County HOusing and Community Development, Arcadia HOusing Authority (different from DeSoto County Housing Authority).

23.) MOreover, the plaintiff has also spent the last ten years litigating against the following housing authorities creating sort of a quadrilateral or parallelogram with vertices at all four corners of continental United States: Tucson Housing Authority, Southern Nevada Regional Housing Authority (SNRHA), Providence Housing Authority (PHA).

24.) The plaintiff had also communicated with the following employees of the Providence HOusing Authority (PHA) about being a lawful tenant on the Section 8 HOusing Choice Voucher (HCV) of the plaintiff's friend Nicole Rocio-Leal Mendez at 976 Douglas Avenue where the landlord was MIchelle Ferrini against whom Nicole Mendez litigated against at U.S. District COurt of Nevada at 333 Las Vegas Boulevard South where the plaintiff appeared before Judge Andrew P. Gordon at a status hearing on or around 2014 or 2015: Kathy McKenna, Ingrid Ostos, Glenda Robinson

25.) The plaintiff also communicated with Kelly Gilliam and Wayne Pollard of the Tarrant County Housing Authority in Fort Worth, Texas and signed an Affidavit of contribution in the office of Shannon Kimble of FOrt Worth Housing Solutions. The plaintiff briefly stayed by Camp Bowie and Las vegas Drive with the address of 8756 Las Vegas Drive in Fort Worth by White Settlement, Ridglea, and Benbrook

26.) Furthermore, the plaintiff communicated with Paris Lee of Southern Nevada Regional Housing Authority in which he paid rent to O' Harmony Realty of Flamingo Road in Las Vegas and communicated with Maria "Tess" Biegler from that office and Karen Xiao about being a lawful tenant

at Cliffs at Dover (Beazer HOmes) off of Craig Road by Nellis AFB where the plaintiff's landlord was Habo Chen at the address of 4529 Townwall Street, Las Vegas, Nevada not far from the Cannery Theater.

27.) After about ten years of trying to obtain a Section 8 Housing VOucher (HCV) by filling out applications through the mail and online, the plaintiff still has not been able to obtain a Section 8 Housing Voucher even though he has been diagnosed with bipolar/schizoaffective disorder by Dr. Dida Ganjoo of Mitchellville, Maryland and over 30 psychiatrists at behavioral institutions in the states of Maryland, Minnesota, Iowa, Texas, Nevada, California, and Florida

## V.) COUNT ONE: NEGLIGENCE

28.) The defendants have been particularly negligent in protecting valuable programs such as Medicaid and Medicare from the "Crazy MAGA Republicans" in Congress

## VI.) COUNT TWO: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

29.) The defendants are interfering with the plaintiff's business relations/contracts by not offering him a job or position of employment at any of the Maryland colleges or universities as a disabled professor of entertainment law

30.) The elements of the tort can vary by state but generally include the following:

A.) A business relationship exists between the plaintiff and a third party that affords the plaintiff some legal right.

B.) The defendant has knowledge of that relationship.

C.) The defendant has the requisite intent to interfere with the relationship between the third party and the plaintiff.

D.) The defendant lacks justification to interfere with that relationship.

E.) The breach causes damages to the plaintiff.

### VII.) COUNT THREE: TORTIOUS INTERFERENCE WITH FAMILY RELATIONS

31.) The defendants are interfering with the plaintiff's family relations by not providing him with a Section 8 housing voucher (HCV) Based off of the Fair Housing Act (FHA) and Americans with Disabilities Act of 1990 (ADA)

### VIII.) COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

32.) The defendants are committing the intentional infliction of emotional distress (IIED) by not providing him with a Section 8 housing voucher (HCV) Based off of the Fair Housing Act (FHA) and Americans with Disabilities Act of 1990 (ADA)

### IX.) COUNT FIVE: VIOLATION OF EQUAL PROTECTION CLAUSE

33.) The defendants are violating the Equal Protection Clause by not providing him with a Section 8 housing voucher (HCV) Based off of the Fair Housing Act (FHA) and Americans with Disabilities Act of 1990 (ADA)

### X.) COUNT SIX: VIOLATION OF DUE PROCESS CLAUSE

34.) The defendants are violating the Due Process Clause (substantive and procedural) by not providing him with a Section 8 housing voucher (HCV)

Based off of the Fair Housing Act (FHA) and Americans with Disabilities Act of 1990 (ADA)

## XI.) COUNT SEVEN: VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE

35.) The defendants are violating the Privileges and Immunities Clause by not providing him with a Section 8 housing voucher (HCV) Based off of the Fair Housing Act (FHA) and Americans with Disabilities Act of 1990 (ADA)

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking punitive, compensatory, and treble damages in the approximate amount of $250,000 against the 5 governmental defendants seeking joint and several liability whereby the defendants would presumably seek contribution and indemnity from each other through the filing of cross-claims. The plaintiff is also seeking the equitable remedy of an injunction mandating that "The Maryland Defendants" provide the plaintiff with a Section 8 HOusing Choice Voucher (HCV) through any of the housing authorities in Maryland subsidized by HUD according to Americans with Disabilities Act of 1990 (ADA) and Fair Housing Act (FHA).. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $250,000 would be considered to be punitive, compensatory, and treble damages for Civil Rights violations whereby the defendants have failed to help the plaintiff obtain a Section 8 HOusing Voucher

(HCV) according to the black-letter law of either Amerucans with DIsabilities Act of 1990 (ADA) or Fair Housing Act (FHA).

B.) The plaintiff is also seeking the equitable remedy of an injunction requiring that the defendants provide the plaintiff with a Section 8 HOusing Choice Voucher (HCV) subsidized by HUD through any of the public housing authorities or PHA's in the state of Maryland.

C.) Furthermore, the plaintiff is seeking the equitable remedy of an injunction requiring and/or mandating that the defendants provide him with EBT/SNAP benefits in a substantial amount subsidized by U.S. Department of Agriculture (USDA).

D.) In addition, the plaintiff is seeking the equitable remedy of a preliminary injunction pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) requiring that the defendants help the plaintiff obtain a job as a disabled professor of entertainment law at University of Maryland or University of Virginia or any of the colleges and universities in the state of Maryland.

Respectfully submitted,

*Ronald Satish Emrit*

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com